IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BILLY DOUGLAS.
 Petitioner,

vs.            Case No.: 5:11cv154/RS/EMT

PAIGE AUGUSTINE,
 Respondent

## REPORT AND RECOMMENDATION

  This matter is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and supporting memorandum of law (docs. 1, 2), and the Government's response thereto (doc. 9). Petitioner filed a reply titled "Motion to Rebutted [sic] the Respondent's Response" (doc. 12).

### Background

  Petitioner is a federal inmate currently incarcerated at the Federal Correctional Institution at Marianna, Florida. He was convicted after a jury trial in the United States District Court for the Middle District of Louisiana of interstate domestic violence in violation of 18 U.S.C. § 2261(a)(1) (doc. 1; doc. 9, exhs. 1, 3). On September 9, 1997, he was sentenced to a term of life imprisonment (doc. 9, exh. 3).[1] The Fifth Circuit Court of Appeals affirmed his conviction and sentence in an unpublished decision on November 4, 1998. United States v. Douglas, 162 F.3d 1160, 1998 WL 792720 (5th Cir. 1998). Petitioner filed motions to vacate pursuant to 28 U.S.C. § 2255 on

---

[1] The Judgment reflected that Defendant "should be placed in a secure institution because of his attempt to kill his former wife and others while in jail waiting to be sentenced" and noted that the court departed upward one criminal history category level due to Defendant's previous kidnaping of his victim and his obstructive behavior, including his attempt to contract the killing of several individuals while awaiting sentencing (doc. 9, exh. 3 at 3, 8).

November 3, 1999, June 26, 2003, and June 22, 2005, all of which were denied, as were his requests for certificates of appealability (*see* doc. 9, exhs. 1, 4–13). Petitioner now contends that he is "actually innocent" of the sentencing enhancement applied in his case and seeks re-sentencing.

## Analysis

Petitioner contends that the sentencing court violated his First, Fifth, Sixth, and Fourteenth Amendment rights by considering facts that were not found by a jury in applying the enhancement.

A petition pursuant to title 28 U.S.C. § 2241 is not the proper vehicle for raising a claim of district court error in sentencing. The continuation or execution of an initially valid confinement is generally the sole issue in a § 2241 action. *See* Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (citing McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)); Broussard v. Lippman, 643 F.2d 1131 (5th Cir. 1981); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); Bishop v. Reno, 210 F.3d 1295, 1304 (11th Cir. 2000); *see also* Chambers v. United States, 106 F.3d 472, 474–75 (2d Cir.1997) (noting that § 2241 allows challenges to the execution, rather than imposition of, a sentence and articulating instances where a federal prisoner may properly file a § 2241 petition). Title 28 U.S.C. § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and type of detention. *See* Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008). A collateral attack on the validity of a federal conviction and sentence, including the imposition of sentence, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, 542 F.3d at 1351; Jordan, 915 F.2d at 629; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hadjuk v. United States, 764 F.2d 795 (11th Cir. 1985).

To the extent Petitioner claims he cannot pursue his claim via 28 U.S.C. § 2255, more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. Section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255, or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal. *See, e.g.*, Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999); Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The § 2255 remedy is not rendered "inadequate or ineffective"

simply because a prior claim under that section has been denied or disallowed, United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001); Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), or because a petitioner has been denied permission to file a second or successive § 2255 motion, *see* Darby v Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005); United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999); Wofford, 177 F.3d at 1245; In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998), or because a second or successive § 2255 motion has been dismissed, *see* Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999). Likewise, the fact that a petitioner cannot meet the gate-keeping requirements of the Antiterrorism and Effective Death Penalty Act does not open the door to a § 2241 petition. Jiminian v. Nash, 245 F.3d 144, 147–48 (2d Cir. 2001); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999). And, section 2255 is not inadequate or ineffective merely because the one-year statute of limitations has expired. Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002); Haugh v. Booker, 210 F.3d 1147 (10th Cir. 2000).

> Title 28 U.S.C. § 2255(e) provides in pertinent part:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244; Darby, 405 F.3d. at 945; *see also* Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001); United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). Failure to meet a single prong means a petitioner's claim fails. *See* Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008).

Petitioner cites United States v. O'Brien, 130 S. Ct. 2169 (2010); Begay v. United States, 553 U.S. 137 (2008); Blakely v. Washington, 542 U.S. 296 (2004); and Apprendi v. New Jersey, 530 U.S. 466 (2000) without specifically explaining how these cases enable him to meet the Wofford test. In fact, none of these cases will enable him to proceed under § 2241. The court notes that Petitioner has already unsuccessfully sought § 2255 relief based on Apprendi and Blakely. Regardless, neither these cases, nor O'Brien, apply retroactively on collateral review. *See* Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (Blakey not retroactively applicable on collateral review); McCoy v. United States, 266 F.3d 1245, 1259 (11th Cir. 2001) (same with respect to Apprendi); United States v. Smith, No. 1:90cr1036/MP/GRJ, 2011 WL 2006342, at *1 (N.D. Fla. May 23, 2011) (same with respect to O'Brien); United States v. Moore, 432 Fed. Appx. 762 (10th Cir. 2011) (same). Petitioner's reliance on Begay is simply misplaced. In that case the Court considered the definition of the term "violent felony" as it applied to predicate offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e), a provision that has no application in Petitioner's case. Likewise, Petitioner's citation to an Eleventh Circuit case, Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), does not support his quest for § 2241 relief. For a new rule to be retroactive to cases on collateral review the Supreme Court itself must make the rule retroactive. *See* Tyler v. Cain, 533 U.S. 656, 662–63 (2001); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Furthermore, the opinion in Gilbert upon which Petitioner relies was vacated by the Eleventh Circuit. *See* Gilbert v. United States, 625 F.3d 716 (11th Cir. 2010). Then, on rehearing en banc, the Eleventh Circuit concluded that "the savings clause does not apply to sentencing claims, at least not to those where the sentence imposed was within the statutory maximum." Gilbert v. United States, 640 F.3d 1293, 1315 (11th Cir. 2011). Based on the foregoing, Petitioner has not shown that § 2241 relief is available to him.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1) be **DENIED and DISMISSED with prejudice.**

At Pensacola, Florida, this 26th day of April 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**